AGUEDA RIVERA, ETC., Plaintiff and Appellee, *v.* JUSTA DE MARTÍNEZ, Defendant and Appellant.

No. 9950. Argued November 7, 1949.—Decided November 14, 1949.

G. *Cruzado Silva* for appellant.   *Diego O. Marrero* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the Court.

This is a suit for damages based on slander and false arrest.   The plaintiff, who was a domestic servant employed by the defendant, a married woman, alleged (1) that in the presence of a detective the defendant accused her of having stolen her wrist watch, and (2) that she was arrested for this alleged offense at the request of the defendant.   After a trial on the merits, the district court entered judgment in favor of the plaintiff for $300 as damages for slander and $300 for false arrest.

On appeal, the first error assigned is that the husband of the defendant was a necessary party defendant.   Her theory is that the suit is in effect against the community partnership and therefore that the proper party defendant was her husband as administrator of the conjugal partnership.

*Flit* v. *White Star Bus Line, Inc.*, 49 P.R.R. 139; *González* v. *White Star Bus Line Inc.*, 53 P.R.R. 328; *Torres* v. *Fernández*, 56 P.R.R. 459; *Segarra* v. *Vivaldi*, 59 P.R.R. 797; and *Rivera* v. *Mejías*, 62 P.R.R. 1, cited by the defendant, are not in point.   They involve claims for or against the conjugal partnership.   Under those circumstances the husband as administrator of the conjugal property is of course the proper plaintiff or defendant representing the partnership.   And Cf. *Quiñones* v. *District Court*, 59 P.R.R. 440; *Silva* v. *District Court*, 57 P.R.R. 712.

Here the crucial point is that the plaintiff sued a married woman for an alleged tort committed by the defendant which had no relation to the community property.   Since the suit involves only her own individual liability, the de-

fendant wife could be sued in her own name. Sections 93, 1310, Civil Code of Puerto Rico, 1930 ed.; Rule 17(*d*) (1), Rules of Civil Procedure. See *Rivera* v. *Casiano*, 68 D.P.R. 190, 197; *Largé & Acevedo* v. *Fernández et al.*, 38 P.R.R. 455. Cf. *Purcell* v. *Porrata*, 65 P.R.R. 207, 210.

The remaining errors assigned require no discussion. They are in substance an attack on the weighing of the evidence by the district court. The record contains sufficient evidence to sustain the findings of fact of the lower court and warrants the damages for slander and false arrest under the cases on which the district court relied. *Moraza* v. *Rexach Sporting Corporation*, 68 P.R.R. 433; *Díaz* v. *Ayala*, 68 P.R.R. 858; *Vélez* v. *Toraño*, 63 P.R.R. 327; *Casanova* v. *González Padín Co.*, 47 P.R.R. 461.

The judgment of the district court will be affirmed.